IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRECK E. SUNDERLAND,<br>    Petitioner,<br>vs.<br>JAMES D. HARTLEY, Acting Warden,<br>    Respondent. | No. C 07-5345 CRB (PR)<br><br>ORDER TO SHOW CAUSE<br><br>(Doc # 2) |

Petitioner, a state prisoner incarcerated at Avenal State Prison, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. He also seeks leave to proceed in forma pauperis.

**BACKGROUND**

Pursuant to a negotiated plea agreement, petitioner plead guilty to second degree murder with use of a knife in San Francisco County Superior Court and, on April 6, 1984, was sentenced to 16 years to life in state prison.

Petitioner has been denied parole each time he has appeared before the Board of Prison Terms ("BPT") (currently the Board of Parole Hearings ("BPH")).

On July 9, 2003, the BPT found petitioner not suitable for parole and denied him a subsequent parole suitability hearing for three years.

On October 3, 2006, petitioner appeared before the BPH for a subsequent hearing and was informed that the hearing would be postponed for six months because an up-to-date psychological evaluation had not yet been prepared.

Petitioner has sought habeas relief from the state courts on the ground that the failure to provide him with a timely subsequent hearing deprived him of his right to the benefits of his plea bargain. On May 9, 2007, the Supreme Court of California denied review of his challenge to the BPH's alleged failure to provide him with a timely subsequent hearing.

## DISCUSSION

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B. <u>Legal Claims</u>

Petitioner seeks federal habeas corpus relief on the ground that the BPH's failure to provide him with a timely subsequent hearing in 2006 deprived him of his due process right to the benefits of his plea bargain. Liberally construed, petitioner's claim appears colorable under § 2254 and merits an answer from respondent. <u>See</u> <u>Santobello v. New York</u>, 404 U.S. 257, 262 (1971) ("[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." ).

2

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Petitioner's application to proceed in forma pauperis (doc # 2) is GRANTED.

2. The clerk shall serve by certified mail a copy of this order and the petitions and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

SO ORDERED.

DATED: Feb. 12, 2008

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.07\Sunderland, D1.osc.wpd           3