EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
ANYA M. BINSACCA
Supervising Deputy Attorney General
AMANDA J. MURRAY, State Bar No. 223829
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5741
 Fax:  (415) 703-5843
 Email:  Amanda.Murray@doj.ca.gov

Attorneys for Respondent
James D. Hartley, Warden

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **DERRECK E. SUNDERLAND,** | 07-05345 CRB |
| Petitioner, | **RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| **JAMES D. HARTLEY, Acting Warden,** | |
| Respondent. | Judge:   The Honorable Charles R. Breyer |

**TO PETITIONER DERRECK SUNDERLAND, IN PRO PER:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 2254 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, Respondent[1] moves the Court for

---

1. The proper respondent in this action is Acting Warden James D. Hartley, not Warden Dawson as alleged in Sunderland's petition. *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (holding that the warden where the petitioner is incarcerated is the proper respondent); Rule 2(a), 28 U.S.C. § 2254. Because the actions complained of in this petition concern a parole consideration hearing, the Board of Parole Hearings is used interchangeably with Respondent in this Motion to Dismiss and supporting Memorandum of Points and Authorities for convenience only.

an order dismissing the above-entitled action on the ground that Petitioner Derreck E. Sunderland's Petition is moot because he has received a subsequent parole consideration hearing that comports with due process. Sunderland's Petition should also be dismissed as to his claim challenging his plea agreement on the ground that the Petition is successive, and Sunderland failed to obtain an appellate order authorizing the Court to consider his claim. Finally, the Petition should be dismissed because it does not allege a federal question.

This motion is based on the notice and motion; the supporting memorandum of points and authorities and exhibits; and the pleadings, records, and files in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Petitioner Derreck Sunderland, a California state prisoner, brings this federal habeas petition challenging the Board of Parole Hearings' alleged failure to conduct a timely subsequent parole consideration hearing after the Board denied him parole for three years in 2003. (Petn. at 12-18.) He also alleges that the Board's failure to hold a timely parole hearing violated his plea agreement and deprived him of due process. (*Id.*) This Court should dismiss the Petition as moot because Sunderland has received a subsequent parole consideration hearing that comports with due process. Moreover, as to Sunderland's challenge to his plea agreement, his claim should be dismissed because it is a successive petition, and Sunderland failed to obtain an appellate order authorizing the Court to consider his claim. Finally, his Petition should be denied because his allegations involve questions of state law and do not entitle him to federal habeas relief.

### STATEMENT OF RELEVANT FACTS

Sunderland is lawfully in the custody of the California Department of Corrections and Rehabilitation after he pled no contest to second degree murder with an enhancement for the use of a knife. (Ex. A, Abstract of Judg.) Sunderland was sentenced to an indeterminate sentence of sixteen years to life in October 1983. (*Id.*)

On July 9, 2003, Sunderland appeared before the Board for a subsequent parole consideration hearing. (Ex. B, Parole Consideration Proposed Decision.) The Board found him

unsuitable for parole and denied him parole for three years. (*Id.*) Sunderland is challenging the Board's 2003 decision as violating his plea agreement in a separate decision. *Sunderland v. Mendoza-Powers*, Case No. 1:06-cv-00999-LJO-TAG.

In August 2006, Sunderland requested information regarding his 2006 parole consideration hearing, but was told that the hearing had been postponed indefinitely due to a backlog of parole hearings. (Petn. at 10.) Sunderland then filed a petition in the Sierra County Superior Court alleging that the Board was violating his due process rights by failing to hold a timely parole consideration hearing and that the failure was also depriving him of the benefit of his plea agreement. (Ex. C, Sierra County Sup. Crt. Petn. & Order.)[2] The superior court denied Sunderland's petition, finding that the court had previously rejected Sunderland's numerous challenges to his plea agreement (Ex. C; Petn. at Ex. 1) and that Sunderland had received his parole consideration hearing on October 3, 2006. (Ex. C.)

Yet, Sunderland's October 3, 2006 parole hearing did not occur. (Ex. D, Life Prisoner Hearing Decision Face Sheet; Ex. E, Life Prisoner Hearing — Extraordinary Action and Decision.) On the day of the hearing, the Board determined that, because Sunderland's previous psychological evaluation was unfavorable and had been completed in 1999, Sunderland's hearing should be postponed to obtain a new evaluation. (*Id.*) Accordingly, the Board deferred Sunderland's hearing for six months or placed him on the first hearing calendar after his psychological report was completed. (Ex. E.)

Because his parole hearing was postponed, Sunderland filed a new petition in the First District Court of Appeal alleging the same claims as in his superior court petition, adding only that the superior court erred in finding that his parole consideration hearing had already occurred. (Ex. F, Court of Appeal Petn. & Order.) The appellate court denied his petition on March 8, 2007, and the California Supreme Court denied his petition for review on May 9, 2007. (Ex. F; Ex. G, California Supreme Court Order.)

---

2. To avoid repetition and unnecessary volume, the exhibits attached to Sunderland's state court petitions have been removed. Respondent will provide these documents upon the Court's request.

Sunderland received his subsequent parole consideration hearing on May 23, 2007. (Ex. H, Parole Consideration Proposed Decision.)

//

## ARGUMENT

### I.

**SUNDERLAND'S PETITION SHOULD BE DISMISSED AS MOOT BECAUSE HE RECEIVED HIS SUBSEQUENT PAROLE CONSIDERATION HEARING.**

This Court must dismiss Sunderland's Petition because it is moot. A claim is moot and the court is divested of its jurisdiction if a case or controversy no longer exists pursuant to Article III of the Constitution. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). In other words, if the claim is no longer a present, live controversy for which effective relief can be granted, the claim is moot. *Id.* Here, Sunderland's claims are predicated on the Board's alleged failure to provide him with a timely subsequent parole consideration hearing. (Petn. at 12-18.) But because Sunderland received his parole hearing on May 23, 2007 (Ex. H), his petition should be dismissed as moot. (*See e.g.*, Ex. C.) Indeed, he has received the only effective relief that he can be granted — a new parole hearing that comports with due process. *See e.g., In re Rosenkrantz*, 29 Cal.4th at 658 [if no evidence supports Board's decision to deny inmate parole, court should order the Board to vacate its decision denying parole and thereafter to proceed in accordance with due process of law]; *Benny v. U.S. Parole Comm'n*, 295 F.3d 977, 984-85 (9th Cir. 2002) (parole board must exercise discretion in determining whether an inmate is suitable for parole). Accordingly, Sunderland's petition should be dismissed.

### II.

**BECAUSE SUNDERLAND DID NOT OBTAIN AN APPELLATE ORDER AUTHORIZING THIS COURT TO CONSIDER HIS SUCCESSIVE PETITION, THE PETITION MUST BE DISMISSED.**

Under 28 U.S.C. § 2244(b)(3)(A), an inmate filing a second or successive petition for writ of habeas corpus must first move the appropriate court of appeals for an order authorizing the district court to consider the application. In other words, Sunderland must obtain leave from

the Ninth Circuit before filing a second or successive petition in a district court. *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005).

In his Eastern District petition, Sunderland is challenging the Board's 2003 decision denying him parole as violating his plea agreement. (*Sunderland v. Mendoza-Powers*, Case No. 1:06-cv-00999-LJO-TAG; Petn. at 16.) Here, the basic thrust of Sunderland's legal claim is to again challenge the validity of his plea agreement. (*See generally*, Petn.)[3/] Thus, Sunderland was required to obtain leave from the Ninth Circuit before bringing his successive petition before this Court. 28 U.S.C. § 2244(b)(3)(A); *see also Gonzalez*, 545 U.S. at 529. As the record indicates no such order, the Court must dismiss the petition. *Id.*

## III.

**SUNDERLAND'S PETITION SHOULD BE DISMISSED BECAUSE FEDERAL HABEAS RELIEF IS NOT AVAILABLE FOR STATE LAW ISSUES.**

This Court cannot grant relief for Sunderland's claims because they are based on state — not federal — law. Federal habeas relief is available only to persons in custody for violations of federal law or the federal Constitution. 28 U.S.C. § 2254(a).

Here, Sunderland's Petition challenges the construction of state statutes and regulations regarding the manner in which the Board conducts parole suitability hearings. Indeed, Sunderland's complaint is already being heard as a state-action in *In re Rutherford*, where the Marin County Superior Court has jurisdiction over all overdue parole consideration hearings. (*In re Rutherford*, Super. Ct. Marin County, 2004, No. SC135399A).) As such, Sunderland's claims are predicated on state law and not cognizable in federal habeas corpus. 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975); *Gutierrez v. Griggs*, 695 F.2d 1195, 1197-1198 (9th Cir. 1983); *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (habeas petition may not transform a state law issue into a federal one merely by asserting a due process violation). Even if

---

3. Similarly, the state courts have repeatedly rejected Sunderland's challenges to his plea agreement. (Ex. C; Petn. at Ex. 1; *see In re Clark* (1993) 5 Cal.4th 750, 767.)

Sunderland is alleging that the state court erroneously rejected these claims, a federal court may not challenge a state court's interpretation or application of state law, *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985), or grant relief "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Accordingly, because Sunderland's Petition fails to allege a federal question, it should be dismissed.

## CONCLUSION

This Court should dismiss Sunderland's Petition because he has received a subsequent parole consideration hearing that comports with due process. Moreover, Sunderland failed to obtain leave from the Ninth Circuit Court of Appeals to file a successive petition. Finally, Sunderland's Petition should be dismissed because his claims are predicated on state law and do not entitle him to federal habeas relief. Accordingly, Sunderland's Petition should be dismissed.

Dated: April 9, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

AMANDA J. MURRAY
Deputy Attorney General
Attorneys for Respondent

40236753.wpd
SF2008400621
Resp't's Not. of Mot. & Mot. to Dismiss; Supporting Mem. of P. & A.

*Sunderland v. Hartley*
07-05345 CRB

6

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Sunderland v. Hartley**

No.:   **07-05345 CRB**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **April 9, 2008**, I served the attached

### RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Derreck Sunderland, C-84327**
**Avenal State Prison**
**P.O. Box 9**
**550-2-40U**
**Avenal, CA 93204**
in pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **April 9, 2008**, at San Francisco, California.

|  M.M. Argarin  |  *[signature]*  |
| :---: | :---: |
| Declarant | Signature |

40239278.wpd