1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  JESSICA N. BLONIEN
   Supervising Deputy Attorney General
5  AMANDA J. MURRAY, State Bar No. 223829
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone: (415) 703-5741
    Fax: (415) 703-5843
8   Email: Amanda.Murray@doj.ca.gov

9  Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DERRECK E. SUNDERLAND,<br><br>                                 Petitioner,<br><br>    v.<br><br>JAMES D. HARTLEY, Acting Warden,<br><br>                                 Respondent. | 07-05345 CRB<br><br>**RESPONDENT'S REPLY TO OPPOSITION TO MOTION TO DISMISS**<br><br>Judge:    The Honorable<br>            Charles R. Breyer |

Respondent moved this Court to dismiss Derreck Sunderland's Petition for Writ of Habeas Corpus on the grounds that: (1) his Petition is moot because Sunderland received a subsequent parole consideration hearing that comports with due process; (2) as to his challenge to his plea agreement, his Petition is successive, and he failed to obtain an appellate order authorizing the Court to consider his claim; and (3) his Petition involves questions of state law and do not entitle him to federal habeas relief. Sunderland's contentions in opposition are without merit, and Respondent's Motion should be granted.

First, Sunderland claims that his Petition is not moot because his May 2007 hearing also violated due process. (Opp. to Mot. to Dismiss at 11-14.) Yet, Sunderland has received the only

effective relief that he can be granted — a new parole hearing that comports with due process. See *Benny v. U.S. Parole Comm'n*, 295 F.3d 977, 984-85 (9th Cir. 2002) (parole board must exercise discretion in determining whether an inmate is suitable for parole). If he wishes to challenge his 2007 hearing as violating due process, then it is a new claim and he must file a new petition.

Second, Sunderland asserts that his challenge to his plea agreement is not successive because his two petitions challenge different parole hearings and different aspects of his plea agreement. (Opp. to Mot. to Dismiss at 4-7.) But the basic thrust of Sunderland's claim is to again challenge the validity of his plea agreement. (*See generally*, Petn.)[1] Because Sunderland was required to obtain leave from the Ninth Circuit before bringing his successive petition to this Court (and the record indicates no such order), the Petition should be dismissed. 28 U.S.C. § 2244(b)(3)(A); *see also Gonzalez*, 545 U.S. at 529.

Third, Sunderland attempts to frame his challenge to the Board of Parole Hearings' (Board) alleged failure to conduct a timely subsequent parole consideration hearing as a federal law issue. (Opp. to Mot. to Dismiss at 7-9.) This attempt is without merit. Sunderland's Petition challenges the construction of state statutes and regulations regarding the manner in which the Board conducts parole suitability hearings. As such, Sunderland's claims are predicated on state law and not cognizable in federal habeas corpus. 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975); *Gutierrez v. Griggs*, 695 F.2d 1195, 1197-98 (9th Cir. 1983); *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (habeas petition may not transform a state law issue into a federal one merely by asserting a due process violation). Moreover, although Sunderland does not explain why *In re Rutherford* does not apply to him, his claims regarding the timeliness of his parole hearing is already being heard as a state-action in *In re Rutherford*, where the Marin County Superior Court has jurisdiction over all overdue parole consideration hearings. (*In re Rutherford*, Super. Ct. Marin County, 2004, No. SC135399A).)

---

1. Similarly, the state courts have repeatedly rejected Sunderland's challenges to his plea agreement. (Mot. to Dismiss at Ex. C; Petn. at Ex. 1; see *In re Clark* (1993) 5 Cal. 4th 750, 767.)

Resp't's Reply to Opp'n to Mot. to Dismiss         *Sunderland v. Hartley*
                                                    07-05345 CRB

1  For the reasons stated above and in Respondent's Motion to Dismiss, this Court should
2  grant the Motion.
3  Dated: June 20, 2008

   Respectfully submitted,

   EDMUND G. BROWN JR.
   Attorney General of the State of California

   DANE R. GILLETTE
   Chief Assistant Attorney General

   JULIE L. GARLAND
   Senior Assistant Attorney General

   JESSICA N. BLONIEN
   Supervising Deputy Attorney General

   /s/ Amanda J. Murray

   AMANDA J. MURRAY
   Deputy Attorney General
   Attorneys for Respondent

20117868.wpd
SF2008400621

Resp't's Reply to Opp'n to Mot. to Dismiss                    Sunderland v. Hartley
                                                              07-05345 CRB

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Sunderland v. Hartley**

No.:   **07-05345 CRB**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **June 20, 2008**, I served the attached

### RESPONDENT'S REPLY TO OPPOSITION TO MOTION TO DISMISS

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Derreck Sunderland, C-84327**
**Avenal State Prison**
**P.O. Box 9**
**Avenal, CA 93204**
in pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **June 20, 2008**, at San Francisco, California.

|  M.M. Argarin  | *M.M. Argarin* |
| :---: | :---: |
| Declarant | Signature |

20118281.wpd